UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IBX JETS, LLC, CHRISTOPHER JONES, MICHAEL JONES, BRANDON COLEMAN, IBX AIR CORPORATION, | * * * * |
| Plaintiffs, | * * |
| v. | * Civil Action No. 16-11604-IT * |
| JUSTIN SULLIVAN, UB AIR LLC, | * * |
| Defendants. | * |

ORDER

May 31, 2017

TALWANI, D.J.

The court addresses the pending discovery motions chronologically, with reference to the court's scheduling orders.

On August 25, 2016, the court set a March 15, 2017, completion date for fact discovery. Scheduling Order [#51]. The record reflects Defendant Justin Sullivan's timely efforts to obtain discovery while respecting the court's deadlines: on December 13, 2016, Sullivan's former counsel served requests for production of documents and interrogatories on each Plaintiff; in the second half of January, after Plaintiffs did not respond, Sullivan's former counsel spoke several times with Plaintiffs' counsel asking for responses; in the first half of March, Sullivan (now *pro se*) contacted Plaintiffs' counsel seeking the discovery; Sullivan then sought and obtained a 60day extension to complete discovery; and in the latter half of March, he continued to seek the discovery from Plaintiffs. Motion to Compel Discovery [#84] 3-4. On April 3, 2017, Sullivan filed his first <u>Motion to Compel Discovery</u> [#84], pointing out that at no time did Plaintiffs object to any of the discovery requests, and asking the court to compel Plaintiffs to respond without objection.

Plaintiffs subsequently responded (with responses at issue in the next motion), and opposed

the motion on the ground that it was now moot. Pls.' Opp. to Def. Sullivan's Mot. to Compel [#102]. Plaintiffs also argued that Defendant Sullivan had obtained documents by other means, and Plaintiffs' counsel complained that Defendant Sullivan had refused in late March 2017 to agree to Plaintiffs' proposed protective order. Plaintiffs did not dispute, however, that they failed to timely respond or object to the discovery, or that Defendant Sullivan's counsel had repeatedly tried to obtain the discovery from Plaintiffs without the need for court intervention. Accordingly, the court ALLOWS the Motion to Compel Discovery [#84] in part, finding that all objections to Sullivan's December 2016 written discovery are waived, but otherwise DENIES the motion as moot.

On April 7, 2017, Defendant Sullivan filed a second Motion to Compel Full and Complete Responses to Interrogatories and Requests for Production of Documents, and for Sanctions [#91]. Defendant Sullivan asserted that although Plaintiffs' counsel sent responses after the first motion to compel was filed, the documents produced were not complete and also contain a number of documents irrelevant to the facts in the case and included for improper purposes. In response, Plaintiffs argued that between documents produced in litigation in Michigan and other documents and interrogatory responses produced after the second motion was filed, the second motion was also moot. Opp. to Mot. to Compel [#104]. At a hearing on the motion, the court directed Plaintiffs that they were not relieved of their separate obligations to produce documents in this litigation. It is the court's understanding that Plaintiffs would be reviewing their production and have now produced any further outstanding material. The second motion to compel is thus DENIED as moot.

As to the request for sanctions, the court acknowledges counsel's argument that sanctions should not be imposed as Plaintiffs could have produced this same material as part of their initial disclosures. The court admonishes Plaintiffs' counsel, however, that such material is unlikely to be admitted at trial. And although the court DENIES the request for sanctions, the court remains vigilant to the concerns of harassment expressed by Defendant Sullivan.

2

At the April 13, 2017, status conference, the parties agreed to mediate the case on an expedited basis. The court left the May 15, 2017, close of fact discovery in place, however, and directed the parties to complete depositions the week of May 8, 2017. Clerk's Notes [#96].

On April 15, 2017, Plaintiffs served their first written discovery on Defendant Sullivan, thus mandating discovery responses on the last day of the fact discovery period. Defendant Sullivan in turn sought a protective order preventing Plaintiffs from conducting discovery, either oral or written – via depositions, interrogatories, requests for production, or requests for admissions – relating to (1) Sullivan's bankruptcy filing, (2) Sullivan's business dealings to the extent they do not relate to Plaintiffs' substantive allegations, (3) matters relating to Sullivan's family, including the disposition of Sullivan's divorce, (4) his interest in his late mother's estate, (5) his relationship status, (6) matters of other ongoing litigation that Sullivan may be, or have been, a party to, including any criminal or civil proceedings that are unrelated to the allegations in the present. Mot. for Protective Order [#106]. Defendant Sullivan described numerous examples from the written discovery that indeed seemed unrelated to the litigation before the court and asked the court to issue a protective order keeping discovery to matters germane to the litigation. Plaintiffs filed no opposition. The unopposed Motion for Protective Order [#106] is ALLOWED.

On April 28, 2017, the court extended the deadline to complete the depositions to May 31, 2017, so that the parties could avoid the costs of depositions while they sought to resolve the matter through ADR. Except as to the depositions, however, fact discovery closed on May 15, 2017.

On May 18, 2017, the Magistrate Judge reported that the case did not settle. Report [#111].

According to an e-mail later filed by Plaintiffs' counsel, on Thursday, May 25, 2017, Defendant Sullivan proposed that Plaintiff IBX take Defendants' depositions on Tuesday, May 30, and that Defendants take Plaintiff IBX's deposition on Wednesday, May 31, 2017. [#114-1]. This schedule would have allowed the completion of the depositions by the final May 31, 2017, deadline

3

set by the court.

According to a second e-mail filed by Plaintiffs' counsel, twenty-four hours after the first e-mail, at 4:43 p.m., on the Friday before Memorial Day, Plaintiffs' counsel responded. He advised Defendants that their responses to discovery had been served one week late (on May 22 and 23), that Defendants had thereby waived their objections, that Plaintiffs intended to file a motion to compel, and that depositions should not go forward. [#114-1]. After sending the e-mail, and before receiving any response, at 5:00 p.m., Plaintiffs' counsel filed their <u>Emergency Motion to Compel Discovery, Sanctions and to Adjourn and Reschedule Depositions the Week of May 31, 2017</u> [#112], including a certificate reporting that "prior to filing" the motion, Plaintiffs' counsel emailed Defendant Sullivan and Defendant UB Air's counsel, but had not heard back. The certificate did not mention that the email had been sent just fifteen minutes earlier.

Thirty minutes after the original e-mail, counsel from UB Air responded that Defendants consented to postponing the deposition.

Plaintiffs have provided no cause to postpone the depositions. Although only Defendant Sullivan had provided cause for extending discovery for 60 additional days, the court moved the fact discovery deadline for all parties. The court's order made clear, however, that discovery was to be completed by May 15, and that the court did not anticipate granting further extensions of fact discovery. Order [#74]. The court in no way suggested that Plaintiffs' failure to conduct any discovery during the original discovery period was appropriate. Nor did the court sanction written discovery to be served on the 30th day under counsel's apparent assumption that despite the court's direction, depositions could be moved yet again beyond the 60th day, to accommodate responses to that written discovery. Depositions were ultimately continued to May 31, but this continuance was granted to accommodate ADR, and did not otherwise extend fact discovery. Having failed to serve written discovery until thirty days before the extended deadline for fact discovery, Plaintiffs have

4

provided no basis to continue the depositions to allow for the resolution of any disputes regarding that late-served discovery.

Nor were the issues raised in the motion to compel promptly raised by Plaintiffs. The court's scheduling order mandated that motions to compel must be filed within 7 days of the close of fact discovery. Here, the motion was only filed after Defendant Sullivan suggested discovery dates that would meet the court's May 31, 2017, deposition deadline.

The motion to compel is also bereft of any reasonable and good faith effort to reach agreement with opposing counsel as required by Local Rules 7.1, 26.2(c) and 37.1(b). Instead, Plaintiffs' counsel sent an e-mail 15 minutes before filing the motion, near the close of business on a holiday weekend, apparently raising the written discovery issue for the first time.

Finally, the motion itself, in arguing for a waiver of objections, fails to mention Defendant Sullivan's then-pending, unopposed motion for a protective order, addressing many, if not all, of these same objections.

For all of these reasons, Plaintiffs' Emergency Motion [#112] is DENIED.

Accordingly,

(1) Defendant Sullivan's Motion to Compel Discovery [#84] is ALLOWED in part, with the court finding that all objections to Sullivan's December 2016 written discovery are waived, but is otherwise DENIED as moot;

(2) Defendant Sullivan's Motion to Compel Full and Complete Responses to Interrogatories and Requests for Production of Documents, and for Sanctions [#91] is DENIED as moot;

(3) Defendant Sullivan's unopposed Motion for Protective Order [#106] is ALLOWED;

(4) Plaintiffs' Emergency Motion to Compel Discovery, Sanctions and to Adjourn and Reschedule Depositions the Week of May 31, 2017 [#112] is DENIED; and

provided no basis to continue the depositions to allow for the resolution of any disputes regarding that late-served discovery.

Nor were the issues raised in the motion to compel promptly raised by Plaintiffs. The court's scheduling order mandated that motions to compel must be filed within 7 days of the close of fact discovery. Here, the motion was only filed after Defendant Sullivan suggested discovery dates that would meet the court's May 31, 2017, deposition deadline.

The motion to compel is also bereft of any reasonable and good faith effort to reach agreement with opposing counsel as required by Local Rules 7.1, 26.2(c) and 37.1(b). Instead, Plaintiffs' counsel sent an e-mail 15 minutes before filing the motion, near the close of business on a holiday weekend, apparently raising the written discovery issue for the first time.

Finally, the motion itself, in arguing for a waiver of objections, fails to mention Defendant Sullivan's then-pending, unopposed motion for a protective order, addressing many, if not all, of these same objections.

For all of these reasons, Plaintiffs' Emergency Motion [#112] is DENIED.

Accordingly,

(1) Defendant Sullivan's Motion to Compel Discovery [#84] is ALLOWED in part, with the court finding that all objections to Sullivan's December 2016 written discovery are waived, but is otherwise DENIED as moot;

(2) Defendant Sullivan's Motion to Compel Full and Complete Responses to Interrogatories and Requests for Production of Documents, and for Sanctions [#91] is DENIED as moot;

(3) Defendant Sullivan's unopposed Motion for Protective Order [#106] is ALLOWED;

(4) Plaintiffs' Emergency Motion to Compel Discovery, Sanctions and to Adjourn and Reschedule Depositions the Week of May 31, 2017 [#112] is DENIED; and

(5) Written fact discovery is CLOSED. Previously scheduled depositions may be taken through June 7, 2017.

IT IS SO ORDERED.

DATE: May 31, 2017  /s/ Indira Talwani  
United States District Judge